### MRS. E. C. LOWDEN vs. W. W. BRADLEY, SHERIFF, ET AL.

GUNBY, J. Where the owner of land makes a simulated deed thereto to a party, who makes another simulated deed to another party, and the last mentioned vendee executes mortgage notes in payment of the price, which he permits the original owner to

take possession of, and sells to an innocent person, held : such third person can enforce said mortgage, although he obtained the notes long after maturity. His rights spring not from the law merchant, but from the law of registry and good faith. The parties are estopped from urging that the sales and mortgages were shams and without consideration. 16 An. 437 ; 26 An. 145 ; 23 An. 604 ; 21 An. 579.

2. The decisions in 20 An. 256, 26 An. 375, and 28 An. 855, relate to cases where both the mortgage and the notes were null and illegal ; but where the notes, valid on their face, are issued without consideration, but pass into the hands of a third person for a good and valuable consideration, the mortgage becomes effectual. 24 An. 36 ; 30 An. 89 ; 28 An. 357.

3. Where, after the aforesaid simulated sale of said land, the original owner executed a mortgage thereon in his own name, and the note secured by said mortgage passed into the hands of his mother, who sues thereon, obtains recognition of said mortgage and judgment for the amount of the note, under which the property is seized and sold by the sheriff, and bought in by the mother, who is proved to have known that her son had circulated the notes given at the sham sale, held : The mother acquired no title at the sheriff's sale which could affect the holder of the mortgage notes.

4 A tax deed, valid on its face, cannot be attacked collaterally. The fact that the judgment creditor has offered to redeem the property at the proper time, and in the proper amount, will not justify him in seizing the property until he has brought suit to force the purchaser to rescind the sale and accept the redemption money.